# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **QUENTARVIOUS CHANEY,** | : | **MOTION TO VACATE** |
| BOP Reg. # 59998-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:08-CR-151-WSD-AJB-1** |
| | : | |
| UNITED STATES OF AMERICA, | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:12-CV-3145-WSD-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Movant, Quentarvious Chaney, confined in the Federal Correctional Institution in Talladega, Alabama, submitted a letter, which the Clerk docketed as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence in criminal action number 1:08-cr-151-WSD-AJB-1. [Doc. 107.][1] Respondent filed a response in opposition. [Doc. 109.] Movant filed two motions to amend, in order to raise certain case law. [Docs. 113, 115.] Movant's motions to amend, [Docs. 113, 115], are **GRANTED**, and the Court will consider the arguments contained therein.[2] For the

---

[1] Citations to the record in this Order and Final Report and Recommendation refer to case number 1:08-cr-151-WSD-AJB-1.

[2] The undersigned resolves the motions to amend in this Report and Recommendation and not by separate Order because they are inextricably intertwined with the resolution of Movant's motion.

reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

I. <u>**Discussion**</u>

In an indictment returned on April 22, 2008, Movant was charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1). [Doc. 8 at 1-2.] On July 20, 2009, Movant decided to plead guilty. [Docs. 80, 80-1.] On February 1, 2010, the Court sentenced Movant to 180 months imprisonment, followed by three years supervised release. [Doc. 91 at 2-3.]

Movant timely appealed, and the Eleventh Circuit affirmed on August 16, 2010. *See United States v. Chaney*, 392 Fed. Appx. 790, 792 (11th Cir. Aug. 16, 2010) (per curiam). [Docs. 92, 106.] Movant did not seek a writ of certiorari in the United States Supreme Court, and the ninety-day period in which to do so expired on Monday, November 15, 2010. *See* Sup. Ct. R. 13.1 (providing for ninety-day period) & 30.1 (extending last day of time period from Sunday to next business day). Therefore, Movant's conviction became final on that date. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction).

A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4). Under § 2255(f)(1), the one-year statute of limitations expired for Movant on November 15, 2011.[3] Movant delivered his construed § 2255 motion to prison authorities for mailing nearly nine months late, on August 10, 2012. [Doc. 107 at 1.]

Movant appears to argue that § 2255(f)(3) applies, because he raises the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).[4] However,

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[4] In *Descamps*, the Supreme Court discussed the proper approach for a sentencing court to determine whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Descamps*, 133 S. Ct. at 2281. The ACCA "increases the sentences of certain federal defendants who have three prior convictions for a violent felony, including burglary, arson, or extortion." *Id.* (internal quotation marks omitted). The Court held that "when the

3

*Descamps* was decided after Movant initiated this § 2255 action, and the decision has not been made retroactively applicable to cases on collateral review. *See, e.g.*, *United States v. Upshaw*, Nos. 4:02cr3-MW/CAS & 4:14cv278-MW/CAS, 2014 WL 3385118 at *2 (N.D. Fla. July 9, 2014) (citing numerous cases in which district courts determined that *Descamps* is not retroactively applicable); *see also Groves v. United States*, --- F.3d ----, ----, 2014 WL 2766171 at *4 (7th Cir. June 19, 2014) (observing that Supreme Court has not made *Descamps* retroactive on collateral review). Therefore, § 2255(f)(3) does not apply. Movant makes no claim that § 2255(f)(2) or (4) applies.

Movant states that his attorney promised to file a § 2255 motion but failed to do so. [Doc. 107 at 1, 2; Doc. 113 at 1.] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). "Mere attorney negligence does not justify equitable tolling. . . . For a petitioner to be entitled to equitable tolling, there must be egregious

---

crime of which the defendant was convicted has a single, indivisible set of elements" and "criminalizes a broader swath of conduct" than "the offense as commonly understood," the sentencing court may not consult documents such as indictments and jury instructions in performing the ACCA predicate offense analysis. *Id.* at 2281-82.

4

attorney misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Scott v. Duffy*, 372 Fed. Appx. 61, 63 (11th Cir. Apr. 5, 2010) (per curiam) (citations and internal quotation marks omitted).

Movant's allegation that his attorney failed to file a § 2255 motion does not establish egregious attorney misconduct as required by *Scott*. Additionally, as Respondent points out, Movant's attorney unsuccessfully challenged the application of 18 U.S.C. § 924(e) and the substantive reasonableness and constitutionality of the sentence on appeal. *See Chaney*, 392 Fed. Appx. at 791-97. [Doc. 109 at 8-14.] During the period in which a § 2255 motion would have been timely, Movant sought to raise only previously-litigated issues that could not have been properly reconsidered in a § 2255 proceeding. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)). Thus, Movant's attorney could not have engaged in egregious misconduct by failing to file a § 2255 motion.

Movant argues that there has been a fundamental miscarriage of justice and that he is "actually innocent of being an armed career criminal." [Doc. 115 at 7-9.] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural

5

bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Because Movant relies on legal arguments rather than new evidence, he fails to demonstrate actual innocence.

Finally, Movant incorrectly argues that he is entitled to a writ of *audita querela*. [Doc. 115 at 11-12.] "[A] writ of *audita querela* may not be granted when relief is cognizable under § 2255, regardless of whether a § 2255 motion would have succeeded." *United States v. Searcy*, 448 Fed. Appx. 984, 985 (11th Cir. Dec. 14, 2011) (quoting *United States v. Holt*, 417 F.3d 1172, 1175) (11th Cir. 2005) (internal quotation marks omitted)).

Because the § 2255 motion is untimely and Movant is not entitled to any relief, his motion to appoint counsel, [Doc. 116], is **DENIED**.

II.   <u>**Certificate of Appealability (COA)**</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he

6

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely.  If the Court adopts this recommendation and denies a COA, Movant is

7

advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motions to amend, [Docs. 113, 115], are **GRANTED**, and his motion to appoint counsel, [Doc. 116], is **DENIED**.

**IT IS RECOMMENDED** that: (1) the motion to vacate, set aside, or correct sentence, [Doc. 107], be **DISMISSED** as untimely; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-3145-WSD-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  29th  day of July, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

8