IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

QUENTARVIOUS CHANEY,

              Movant,

    v.

UNITED STATES OF AMERICA,

              Respondent.

CRIMINAL ACTION NO.
1:08-cr-151

CIVIL ACTION NO.
1:12-cv-3145

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Report and Recommendation [119] ("R&R"). The R&R recommends that Movant Quentarvious Chaney's ("Movant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") [107] be dismissed as untimely and that a certificate of appealability be denied.

## I.   BACKGROUND

On July 2, 1991, Movant was convicted in DeKalb County, Georgia, of: (1) burglary (case no. 91-CR-1087); (2) two counts of burglary and one count to attempt to commit burglary (case no. 91-CR-3022); and (3) aggravated sodomy and child molestation (case no. 91-CR-1279). On December 19, 2011, Movant was also convicted in DeKalb County, Georgia, of possession of a firearm by a

felon (case no. 01-CR-5027).

On March 22, 2008, a grand jury sitting in the Northern District of Georgia returned a one-count Indictment (the "Indictment") [8], charging Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The Indictment included a forfeiture provision.  On July 20, 2009, Movant appeared before the Court and pleaded guilty to the charge [80].

On February 1, 2010, the Court sentenced [91] Movant to the mandatory minimum sentence of 180 months of imprisonment, followed by three (3) years of supervised release.[1]

On August 16, 2010, Movant's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals.  See United States v. Chaney, 392 F. App'x 790, 792 (11th Cir. 2010).  Movant did not seek a writ of certiorari from the United States Supreme Court.

---

[1]     The Court, applying the 1984 United States Commission Sentencing Guidelines, calculated Movant's base level at 22 under U.S.S.G § 2K2.1(a)(2). Based on Movant's prior criminal history, the Court sentenced him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  As an armed career criminal, Movant's offense level was 33 with a category VI criminal history to which the Court applied a two point reduction, resulting in a Sentencing Guideline range of 188-235 months.  The Court sentenced Movant to a below guideline sentence of 180 months.  (Tr. of Sentencing Hr'g [95] 70:18-25).

On August 10, 2012,[2] Movant submitted a letter to the Court, which the

Magistrate Judge construed as his Motion.[3]  Movant argues that his attorney's

failure to file a Section 2255 Motion on his behalf warrants equitable tolling of the

one-year limitations period.[4]  Movant also appears to argue that he should be

afforded a later start date for the one-year limitations period under

28 U.S.C. § 2255(f)(3) because his claim challenging his sentence relies upon the

Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013).[5]

---

[2]     Movant signed his Motion to Vacate on August 10, 2012, and the Clerk of
Court docketed it on August 24, 2012, the day it was received.  "Under the
mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is
delivered to prison officials for mailing.  Absent contrary evidence, we will assume
that a prisoner's filing was 'delivered to prison authorities the day he signed it.'"
Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v.
United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United
States, 173 F.3d 1339, 1341 (11th Cir. 1999)); see also   Houston v. Lack, 487 U.S.
266, 276 (1988).

[3]     The Magistrate Judge noted that, on August 12, 2013, and November
12, 2013, Movant filed motions to amend his Motion [113, 115].  The Magistrate
Judge construed each of these motions, and the arguments Movant asserts in them,
together and as a whole.

[4]     Movant alleges that his appointed counsel "informed [him] that he would
submit a § 2255 [Petition] on [Movant's] behalf."  Movant asserts instead that his
attorney never filed a Section 2255 Motion, per Movant's request, ignored his calls
and emails and, as Movant asserts, "had [Movant] known that [his] Appellate
Attorney was not going to file the motion, [he] would have filed one [himself]."
(Mot. at 107; see also [113] at 1).

[5]     In Descamps, the Supreme Court discussed the proper approach for a
sentencing court to determine whether a prior conviction qualifies as a predicate
offence under the ACCA.  The Court held that a California burglary statute, which

Movant contends also that his sentence was improperly enhanced under the ACCA making him "actually innocent of being an Armed Career Criminal under 18 U.S.C. § 924(e)."  (See [115] at 1).

On July 29, 2014, the Magistrate Judge issued his R&R, recommending that the Motion be denied as untimely and that a certificate of appealability be denied.

Movant did not file any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been

---

did not require unlawful breaking and entering as an element, did not qualify as a predicate offense for the ACCA.  See  Descamps, 133 S. Ct. at 2282-83.

made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.    Analysis

1.    Movant's Motion

A Section 2255 motion is subject to a one-year statutory limitations period, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

On November 15, 2010, ninety (90) days after the Eleventh Circuit affirmed his sentence, Movant's conviction became final.  See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the

time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment). Noting that 28 U.S.C. § 2255(f)(1) requires that Section 2255 motions be filed within one (1) year of a conviction becoming "final," the Magistrate Judge concluded that the limitations period for Movant to file a Section 2255 motion expired on November 15, 2011. See 28 U.S.C. § 2255(f)(1). Nearly nine (9) months later, on August 10, 2012, Movant filed his Motion. The Court finds no plain error in the Magistrate Judge's finding that Movant's Motion is untimely and thus time-barred.[6]

---

[6]     Movant did not object to the Magistrate Judge's finding that even if Descamps applied directly to Movant's circumstances, Movant has failed to demonstrate that the case should be applied retroactively and cannot avail himself to the one-year limitations period under 28 U.S.C. § 2255(f)(3). "A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). "[T]he Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review." See, e.g. United States v. Aikens, Nos. 5:12-cr-5-RS, 5:14-cv-156-RS-GRJ, 2014 WL 3611258 (N.D. Fla. July 22, 2014); United States v. Boykin, Nos. 4:07-cr-38-RH/GRJ, 4:14-cv-224-RH/GRJ, 2014 WL 2459721 (N.D. Fla. May 31, 2014) (dismissing § 2255 filed in reliance on Descamps as untimely); Groves v. United States, 755 F.3d 588 (7th Cir. 2014); Hoskins v. Coakley, No. 4:13-cv-1632, 2014 WL 245095 at *5 (N.D. Ohio Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals") (emphasis added). The Court finds no plain error in the Magistrate Judge's finding that Movant's Motion is untimely for this additional reason. See  28 U.S.C. § 2255(f)(3).

The Magistrate Judge also found that Movant has not alleged extraordinary circumstances to justify the late filing of his Motion and that the failure of his attorney to file a Section 2255 motion does not establish egregious attorney misconduct to justify equitable tolling.  See Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)(per curiam) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").  Equitable tolling is only available for attorney misconduct when the "attorney's behavior [is] so outrageous or so incompetent as to render it extraordinary." Byers v. U.S., 561 F.3d 832, 835 (8th Cir. 2009).[7]  "Mere attorney negligence does not justify equitable tolling . . . For a [movant] to be entitled to equitable tolling, there must be egregious attorney misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." Scott v. Duffy, 372 F. App'x 61, 63 (11th Cir. 2010) (per curiam) (citations and internal quotation markes omitted). The Court finds no plain error in the Magistrate Judge's finding that Movant's

[7]     The Court notes that while an attorney's false representations that he filed a habeas petition may warrant equitable tolling, United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002), Movant has not alleged that his lawyer misrepresented that he actually filed a Section 2255 Motion for Movant.  The Court finds that Movant's conclusory allegations that his attorney "abandon[ed]" him does not constitute "extraordinary circumstances" and equitable tolling is not warranted on this ground.  (Mot. [113] at 1).

allegation that his attorney failed to file a Section 2255 motion does not establish

egregious attorney misconduct and does not excuse the late filing of his Motion.[8]

        2.      Certificate of Appealabilty

Rule 11 of the Rules Governing Section 2255 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of

---

[8]     Movant argues that even if his Motion is procedurally barred, it should still be allowed to proceed under the miscarriage of justice exception because he is "actually innocent" of being an armed criminal under the ACCA. In the Eleventh Circuit, the actual innocence exception is narrow, only applies to the extraordinary case, and does not apply to claims of legal innocence, versus factual innocence, of a predicate offense justifying an enhanced sentence. See McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011); see also Hill v. United States, 569 F. App'x 646, 648 (11th Cir. 2014) (using the Court's reasoning in McKay to conclude that the actual innocence exception does not excuse an untimely Section 2255 motion in sentencing context under ACCA guidelines). "[Movant] cannot satisfy the actual-innocence exception to the procedural bar because he argued only that he was legally innocent of a violent felony . . . not that he was factually innocent of the crime . . . ." Hill, 569 F. App'x at 648. "[Movant] also cannot satisfy the cause and prejudice exception because, although his claim was foreclosed by [the Supreme Court's precedent in Descamps when he was sentenced], the perceived futility of a claim does not establish cause to excuse the default." Id. (citing McCoy v. United States, 266 F.3d 1245, 1258-89 (11th Cir. 2001)).

     Because Movant only makes a legal argument that the ACCA guidelines were improperly applied to his sentence enhancement, and does not argue that he is innocent of any crime for which he is serving a sentence or a predicate crime used in calculating his sentence and determining he was an armed criminal under the ACCA, the Court finds that the miscarriage of justice exception for actual innocence is unavailable to him. See Alls v. United States, Nos. 8:14-cv-1546-T-27EAJ, 8:06-CR-460-T-27EAJ, 2014 WL 3385068, at *3 (M.D. Fla. July 10, 2014) (citing Hill, 569 F. App'x at 648) ("The Eleventh Circuit found that [a] prisoner's claim that he was legally innocent of a 'violent felony' for purposes of an enhancement sentence under the ACCA did not satisfy the actual innocence exception.").

appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the applicant." See R. Governing § 2255 Cases 11(a). Section 2253(c)(2) provides that a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). Where a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoners shows . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484). The Court thus finds no plain error in the Magistrate Judge's recommendation that a certificate of appealability be denied because reasonable jurists could not disagree that Movant's Motion is required to be dismissed because it is untimely.

III.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's

Final Report and Recommendation [119] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Quentarvious Chaney's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [107] is

**DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is

**DENIED**.

**SO ORDERED** this 10th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE