IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>QUENTARVIOUS CHANEY,<br><br>Defendant. | 1:08-cr-00151-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Quentarvious Chaney's ("Defendant") *pro se* Motion for Modification of Term of Imprisonment [138] ("Motion" or "Motion to Reduce Sentence"). Defendant requests that the Court reduce his sentence "pursuant to 18 U.S.C. § 4205(g)[1] and/or 18 U.S.C. § 3582(c)(1)(A) . . . based on extraordinary and compelling circumstances that the Defendant believes warrants consideration." (Mot. at 1).

> [U]nder [18] § 3582(c)(1)(A), a court cannot reduce a prisoner's sentence except "upon [the] motion of the Director of the [BOP]" and a finding that "extraordinary and compelling reasons warrant" a reduction. The plain meaning of this section requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment.

---

[1] 18 U.S.C. § 4205(g) was repealed effective November 1, 1987. The Court only considers Defendant's Motion pursuant to 18 U.S.C. § 3582(c)(1)(A).

Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012).

The Director of the Bureau of Prisons has not filed a motion for a modification of Defendant's sentence. Defendant filed his Motion to Reduce Sentence *pro se*. The Court lacks jurisdiction to consider Defendant's Motion and it is required to be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's *pro se* Motion for Modification of Term of Imprisonment [138] is **DENIED**.

**SO ORDERED** this 13th day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE